UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LORENZO Y. DE VEGA, VIRGINIA
S. DE VEGA,

       Plaintiffs,

  v.

SUNTRUST MORTGAGE, INC., et
al.,

       Defendant.
_____/

NO. 2:10-cv-01507-FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motion of defendant SunTrust Mortgage, Inc. ("SunTrust" or "defendant") to expunge plaintiffs Lorenzo Y. De Vega and Virginia S. De Vega's (collectively, "plaintiffs") lis pendens.  Plaintiffs did not file an opposition to the motion.  For the reasons set forth below,[1] defendant's motion to expunge lis pendens is GRANTED.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

**BACKGROUND**

Plaintiffs brought this action in the Superior Court of California for the County of San Joaquin against defendants for conduct arising out of a mortgage loan.  Thereafter, plaintiffs also filed a Notice of Pendency of Action with the state court with respect to the property at issue in the complaint, which is located at 4535 Parkvale Court, Stockton, California.  On June 16, 2010, defendants removed the case to this court on the basis of federal question jurisdiction.

Shortly after removing the case to federal court, defendants filed a motion to dismiss plaintiffs' complaint.  On July 26, 2010, the court issued an order to show cause regarding sanctions; specifically, the court ordered plaintiffs' counsel to show cause why he should not be sanctioned $150 for failure to file an opposition or notice of non-opposition to defendants' motion.  The court re-set the deadline for plaintiffs to file a response to August 6, 2010.

On August 9, 2010, after receiving no response from plaintiffs or plaintiffs' counsel, the court issued an order imposing sanctions of $150 on plaintiffs' counsel.  The court also ordered plaintiffs' counsel to show cause (1) why he should not be sanctioned $300 for failure to file an opposition or notice of non-opposition to defendants' motion and for failure to respond to court orders; and (2) why the case should not be dismissed for failure to prosecute.  The court re-set the hearing on defendants' motion to dismiss to September 24, 2010, and ordered plaintiffs' counsel to file a response on or before September 10, 2010.

On September 13, 2010, after plaintiffs' counsel again failed to respond to the court's orders, the court issued an order imposing sanctions[2] and dismissing the case.  Judgment was entered in favor of defendants on the same day.

## ANALYSIS

Defendant SunTrust moves to expunge plaintiffs' lis pendens on the property at 4535 Parkvale Court, Stockton, California. Specifically, defendant asserts that because plaintiffs failed to establish a real property claim, the property should no longer be encumbered by the lis pendens.

Federal courts look to state law in matters pertaining to lis pendens.  See 28 U.S.C. § 1964.  Under California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action, [a lis pendens], in which that real property claim is alleged."  The purpose of a lis pendens is to give "constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice."  BGJ Assocs., LLC v. Superior Court, 75 Cal. App. 4th 952, 966 (2d Dist. 1999).  "Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment."  Id.  "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged."  Id. at 967.

"At any time after notice of pendency of action has been recorded, any party . . . may apply to the court in which the

---

[2] Plaintiffs' counsel paid his sanctions in the amount of $450 on September 28, 2010.

3

action is pending to expunge the notice." Cal. Code Civ. Proc. § 405.30.  Further, pursuant to California Code of Civil Procedure §§ 405.31 and 405.32, a court shall order that the notice be expunged if (1) "the court finds that the pleading on which the notice is based does not contain a real property claim"; or (2) "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim."

In this case, as a result of plaintiffs' complete failure to prosecute their claims and repeated failure to comply with court orders, the court dismissed plaintiffs' claims.  As such, plaintiffs are left without "a real property claim" and cannot establish the "probable validity" of such a claim in this case. Accordingly, defendant SunTrust's motion to expunge the lis pendens is GRANTED.

**CONCLUSION**

For the foregoing reasons, defendant SunTrust's motion to expunge lis pendens is GRANTED, and plaintiffs' lis pendens is hereby expunged from the public record.  Specifically, the lis pendens as to the property located at 4535 Parkvale Court, Stockton, California, and recorded in the San Joaquin County Recorders Office as Document Number 2010-050134, is hereby expunged from the public record.

IT IS SO ORDERED.

DATED: April 7, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE